UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                Case No: 13-38705 RAM
                                                                      Chapter: **13**

Ana M. Gonzalez,

     Debtor

_____/

## MOTION TO VALUE AND DETERMINE
## SECURED STATUS OF LIEN ON REAL PROPERTY

### IMPORTANT NOTICE TO CREDITORS:
### THIS IS MOTION TO VALUE YOUR COLLATERAL

**This motion seeks to value collateral described below securing the claim of the creditor listed below.**

**If you have not filed a proof of claim, you have until the later of the claims bar date of 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

1.    Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, Local Rule 3015-3, the debtor seeks to value real property securing the claim of <u>Land Home Financial</u> (the "Lender") successor in interest to Bluetrust Capital, LLC. Lender holds a mortgage recorded at OR Book 24390, Page 3348 in the official records of Miami-Dade County, Florida.

2.    The real property is located at <u>1601 SW 93 Ct., Miami, FL 33165</u> and is more particularly described as follows:

    Lot 1, Block 28, of CORAL PARK ESTATES SECTIONS THREE, according to the plat thereof, as recorded in Plat Book 65, Page 136, of the Public Records of Miami-Dade County, Florida.

3.    At the time of the filling of this case, the value of the real property is $152,185.00, as determined by <u>Miami-Dade County Tax Collector.</u>

4.    <u>Bayview Loan Servicing, LLC, successor to Chase JP Morgan Chase Bank, N.A., S/B/M Chase Home Finance, S/B/M Chase Manhattan Mortgage Corporation by Assignment of Mortgage recorded on May 2, 2014, on O.R. Book 29135, Page 3627, of the Public Records of Miami-Dade County, Florida</u> hold liens on the real property, senior to priority to Lender, securing claims in the aggregate amount of $179,273.07.

5.    Lender's collateral consists solely of the debtor's principal residence. As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lender, the value of

Lender's secured interest in the real property is $0.

6.      The undersigned reviewed the docket and claims register and states:

Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

7.      The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE**, the debtor respectfully requests an order of the Court (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien a s stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) If Lender's secured interest in the real property is determined to be $0, deeming Lender's mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1.      In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at or before the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court. Pursuant to Local rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2.      The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when Motion and notice of hearing thereon are served.

Submitted By:

/s/ Lazaro Lopez
**LAZARO J. LOPEZ**
Attorney for Debtor
Fla. Bar No. 879861
2333 Brickell Ave., Ste. A-1
Miami, Florida 33129
Telephone: (305) 477-5933
Email: lazaro@lopezattorney.com